FILED

MAR 17 2006

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. 05-39293-C-7 |
| KARL DANA OPPERMAN, | MC No.  JMS-1 |
| Debtor. | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW
### ON MOTION TO VACATE STAY

These findings of fact and conclusions of law are rendered in this contested matter pursuant to Federal Rule of Civil Procedure 52 as incorporated by Federal Rules of Bankruptcy Procedure 7052 and 9014.  Evidence was taken pursuant to Federal Rule of Civil Procedure 43(e), as incorporated by Federal Rule of Bankruptcy Procedure 9017 and as invoked by Local Bankruptcy Rule 9014(e).

### Jurisdiction

Jurisdiction is founded upon 28 U.S.C. § 1334.  This is a core proceeding.  28 U.S.C. § 157(b)(2)(G).

## Findings of Fact

Debtor filed this voluntary chapter 7 petition on October 14, 2005. The first meeting of creditors was held on December 13, 2005. The chapter 7 trustee filed a report finding that there is property available for distribution from the estate over and above that exempted by the debtor. The court observes that debtor was discharged from all dischargeable debts on February 20, 2006.

On February 14, 2006, Chase Home Finance ("movant") filed a motion, notice, and declaration requesting that this court lift the automatic stay in order to proceed with state court litigation. The hearing on the motion was set for March 14, 2006. No opposition to the motion was filed. Upon review of the record, the court determined that the written record was adequate and that no oral argument is necessary.

## Conclusions of Law

The automatic stay of acts against the debtor *in personam* and of acts against property other than property of the estate continues until the earliest of the time when the bankruptcy case is closed, dismissed, or an individual in a chapter 7 case is granted a discharge. 11 U.S.C. § 362(c).

However, the automatic stay may be terminated earlier if debtor fails to adequately protect the secured party's interest, § 362(d)(1), and, with respect to a stay of an act against property, the debtor does not have equity in the property, § 362(d)(2)(A), and the property is not necessary to an effective reorganization. § 362(d)(2).

    Because the debtor was granted a discharge, the motion for relief from the automatic stay is moot as to the debtor. Thus, the motion will be denied.

    However, because the chapter 7 trustee filed an asset report, and filed no opposition to the motion, the motion will be granted as to the trustee.

    An appropriate order will issue.

    Dated: March 17, 2006

    _____
    UNITED STATES BANKRUPTCY JUDGE

## CERTIFICATE OF SERVICE

On the date indicated below, I served a true and correct copy(ies) of the attached document by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed and by depositing said envelope in the United States mail or by placing said copy(ies) into an interoffice delivery receptacle located in the Clerk's Office.

Karl Opperman
230 Roper Mountain Rd. Ext #803H
Greenville, SC 29615

James L. McIntosh
1005 Jefferson Street
P.O. Box 5748
Napa, CA 94581

Stephen Reynolds
P.O. Box 1917
Davis, CA 95617

John Sorich
Alvarado, Shapiro & Wilson, LLP
4 Park Plaza, Suite 1230
Irvine, CA 92614

Office of the United States Trustee
United States Courthouse
501 I Street, Suite 7-500
Sacramento, CA 95814

Dated: 3/20/06

_____
Deputy Clerk
R. Lopez